IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00723–WJM–KMT

WILLOW GROVE, LTD.,

     Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered company,
FEDERAL HOUSING FINANCE AGENCY, an agency of the federal government, and
BULLS CAPITAL PARTNERS, LLC and its successor in interest PILLAR MULTIFAMILY,
LLC, a Delaware company,

     Defendants.

---

**ORDER**

---

This matter is before the court on the "Joint Motion for Stay of Fed. R. Civ. P. 26(a)(1)

Disclosures and Discovery Pending Resolution of Motions to Dismiss" (Doc. Nos. 33, filed June

3, 2013).  These parties seek to stay all further proceedings, including the June 12, 2013,

Scheduling Conference and associated deadlines, pending a ruling on the defendants' motions to

dismiss (Doc. Nos. 14 and 15).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however,

provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*,  299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  When considering a stay of discovery, this court has considered: 1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court;

4) the interests of persons not parties to the civil litigation; and 5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiff has asserted in its complaint four claims for relief: (1) a claim for "nondisclosure/concealment", asserted against Defenant Pillar only;(2) an "unconscionable contract" claim, against all Defendants; (3) a claim for "breach of contract - unenforceable liquidated damages provision", against all Defendants; and (4) unjust enrichment claim, against Defendant Fannie Mae only.  (Doc. No. 3.)  Fannie Mae and FHFA filed a motion to dismiss Plaintiff's three claims against them.  (Doc. No. 15.)  Pursuant to Fed. R. Civ. P. 12(b)(1), Fannie Mae and FHFA argue that the Court lacks subject-matter jurisdiction over Plaintiff's three claims against them under 12 U.S.C. § 4617.  (*Id.*)  Fannie Mae and FHFA also move to dismiss the three claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (*Id.*) Pillar filed its separate motion to dismiss Plantiff's three claims against it pursuant to Fed. R. Civ. P. 12(b)(6).  These motions are fully briefed and before District Judge William J. Martínez.

Because Fannie Mae and FHFA contest the Court's subject-matter jurisdiction, and the motions to dismiss otherwise are directed against all claims against all defendants, the parties jointly request that the Court stay the parties' Fed. R. Civ. P. 26(a)(1) disclosures and discovery pending determination of the motions to dismiss.  Therefore, any prejudice to Plaintiff's ability to proceed expeditiously with this case does not weigh heavily in the court's analysis. Moreover, the court finds that any possible prejudice to Plaintiff is outweighed by the burden on Defendants if discovery were to proceed.  Moreover, the Supreme Court has indicated that, in a case with multiple defendants, only some of whom assert an immunity defense, "when discovery

3

as to the other parties proceeds, it would prove necessary for [the parties asserting immunity] to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position [and] even if they are not themselves subject to discovery orders, they would not be free from the burdens of discovery." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Even though none of the parties in this matter asserts an immunity defense, the same logic applies. Here, the defendants that move to dismiss for lack of subject matter jurisdiction may still be required to participate in the discovery directed at the other defendants because of the posture of Plaintiff's claims against all of the defendants. Finally, my review of the motions to dismiss suggests that they could be dispositive of the entire action. The court agrees that in this case it is sensible to determine the threshold issues of subject matter jurisdiction before putting the parties through the process and expense of discovery.

The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompts the court to reach a different result. Therefore, it is

**ORDERED** that the "Joint Motion for Stay of Fed. R. Civ. P. 26(a)(1) Disclosures and Discovery Pending Resolution of Motions to Dismiss" (Doc. Nos. 33) is **GRANTED**. This matter is stayed pending a ruling by the District Court on the Motions to Dismiss filed by Defendants. The Scheduling Conference set for June 12, 2013, is **VACATED**. The parties shall

file a status report within ten days of a ruling on the Motions to Dismiss if a scheduling

conference needs to be set.

Dated this 6th day of June, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

5